```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JAMES M. SIMS, ET AL.,

    Plaintiffs,
v.                                  Case No. 8:15-cv-1706-T-33AEP

NATIONSTAR MORTGAGE, ET AL.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to pro se Plaintiffs James M. Sims and Darlene Sims' Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Doc. # 3), which was filed on July 21, 2015. As explained below, the Court denies Plaintiffs' request for a Temporary Restraining Order and refers for the issuance of a report and recommendation Plaintiffs' request for a Preliminary Injunction.

**I.**    **Background**

    Plaintiffs filed a sprawling 31-page Complaint against their lender, Bank of America, and other entities on July 21, 2015, after the foreclosure sale of their property. (Doc. # 1). Among other contentions, Plaintiffs, who reside in Manatee County, array the following claims against Defendants: (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of

Emotional Distress; (5) Quiet Title; (6) Slander of Title; (7) Declaratory Relief; (8) Violations of TILA; (9) Violations of RESPA; and (10) Rescission. (Id.).

## II. Motion for Temporary Restraining Order

In conjunction with the filing of the Complaint, Plaintiffs filed the present Motion requesting the issuance of a Temporary Restraining Order. (Doc. # 3). A party seeking a Temporary Restraining Order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005). As the Plaintiffs, the Sims bear the heavy burden of persuasion as to each factor. Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).[1]

In this case, Plaintiffs' submission completely fails to address, and accordingly, fails to establish, the existence of these required elements. For instance, although the Complaint

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

lodges ten claims, stemming from both state and federal law, Plaintiffs have not provided any arguments or averments demonstrating that they are likely to prevail as to any asserted Complaint count.

In addition, while Plaintiffs reference "eviction actions" in passing, they have not described with particularity any pending action for eviction or the steps Defendants have undertaken in an effort to remove Plaintiffs from the subject property. Instead of describing the specific facts of this case (for example, the date of the foreclosure sale or facts about current eviction proceedings), Plaintiffs have included generic allegations concerning allegedly unfair lending practices in the United States leading to "the housing bubble." (Doc. # 3 at 3). For instance, Plaintiffs complain: "For years, mortgage brokers and lenders have been selling loan products that they knew or should have known would never be able to be repaid by the borrower and would prevent borrowers from ever actually owning the home." (Id.). Plaintiffs' Motion, while lengthy, does not demonstrate to the Court that Plaintiffs face the risk of an irreparable injury.

Plaintiffs also fail to explain to the Court why the threatened injury outweighs any harm relief would inflict on the non-movant Defendants. Nor have Plaintiffs addressed

3

whether granting a Temporary Restraining Order would serve the public interest. These failures warrant denial of Plaintiffs' request for a Temporary Restraining Order.

Furthermore, the Court notes that Local Rule 4.05, which addresses Temporary Restraining Orders, states:

all applications for temporary restraining orders must be presented as follows:

(1) The request for the issuance of the temporary restraining order should be made by a separate motion entitled "**Motion for Temporary Restraining Order**".

(2) The motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impracticable if not impossible (Rule 65(b), Fed. R. Civ. P.)

(3) The motion should also: (i) describe precisely the conduct sought to be enjoined; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P.; (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.; and (iv) should contained or be accompanied by a supporting legal memorandum or brief.

(4) The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing

      parties or others if the order is issued; and (iv) the public interest, if any.

Id.

    Here, Plaintiffs ignore these important requirements. The Complaint is not verified, and Plaintiffs have not submitted an affidavit in support of the Motion for a Temporary Restraining Order explaining why Plaintiffs are threatened with an irreparable injury.  In addition, the Motion fails to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted to pursuant to Rule 65(c), Fed. R. Civ. P.  The Motion is also deficient because it is not supported by a legal memorandum addressing such required issues as the likelihood that Plaintiffs will succeed on the merits of their claims, irreparable injury, harm to opposing parties and others, and the public interest. Most glaringly, the Plaintiffs have failed to describe the precise conduct that they seek to enjoin.  Thus, the Court denies the Motion for Temporary Restraining Order.  The Court refers the Motion for a Preliminary Injunction to the Magistrate Judge for the issuance of a Report and Recommendation.

    Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs James M. Sims and Darlene Sims' Application

5

for Temporary Restraining Order (Doc. # 3) is **DENIED**.

(2) The Court hereby refers Plaintiffs' request for a Preliminary Injunction (Doc. # 3) to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for the issuance of a Report and Recommendation.

**DONE** and **ORDERED** in Chambers, Tampa, Florida, this <u>21st</u> day of July, 2015, at 4:15 PM.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record

6